AO 106 (Rev. 04/10) Application for a Search Warrant *(Page 1)*

## UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

U.S. DISTRICT COURT N.D. OF N.Y.
**FILED**
SEP 2 6 2016
AT _____ O'CLOCK _____
Lawrence K. Baerman, Clerk - Albany

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>IN THE MATTER OF THE SEARCH OF<br>  a.  An HP Pavilion dv7 laptop bearing serial<br>      number CND93757WX; and<br><br>  b.  An Acer Aspire laptop computer bearing<br>      serial number<br>      LXPXE021660401BE592000,<br><br>CURRENTLY LOCATED AT 312 Old Wolf<br>Rd. Latham, NY 12110 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>( )<br>)<br>)<br><br>Case No.   01:16MJ-487     (CFH) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property: *(identify the person or describe the property to be searched and its given location)*:
**SEE ATTACHMENT**

located in the   **NORTHERN**   District of   **NEW YORK**  , there is now concealed *(identify the person or describe the property to be seized)*:
**SEE ATTACHMENT**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒   evidence of a crime;
☒   contraband, fruits of crime, or other items illegally possessed;
☒   property designed for use, intended for use, or used in committing a crime;
☐   a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, USC, Section 2422(b) | Use of facilities of interstate commerce to attempt to persuade, induce, entice, and coerce and attempt to persuade, induce, entice and coerce an individual who has not attained the age of 18 years, to engage in sexual activity |
| Title 18, USC, Section 2252A | Receipt and possession of child pornography |

AO 106 (Rev. 04/10) Application for a Search Warrant *(Page 2)*

The application is based on these facts:
SEE ATTACHED AFFIDAVIT

☒  Continued on the attached sheet.

☐  Delayed notice of _____ days (give exact ending date if more than 30 days):  Click here to enter a date.
is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Christopher R. Smith, Task Force Officer-FBI
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date:        September 2 6  , 2016        _____
*Judge's signature*

City and State:     Albany, NY            Hon. Christian F. Hummel, U.S. Magistrate
_____
*Printed name and title*

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF
RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF<br>a.  An HP Pavilion dv7 laptop bearing serial number CND93757WX; and<br><br>b.  An Acer Aspire laptop computer bearing serial number LXPXE021660401BE592000,<br><br>CURRENTLY LOCATED AT 312 Old Wolf Rd. Latham, NY 12110 | Case No. 1:16-MJ-487 (CFH) |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Christopher R. Smith, having been first duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

2.  I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of two electronic devices which are currently in law enforcement possession, further described in Attachment A, and the extraction from that property of electronically stored information described in Attachment B.

3.  I am a deputized Task Force Officer with the Federal Bureau of Investigations ("FBI"), Albany, NY office, within the meaning of Title 18, United States Code, Section 2510(7), and have authority to submit this affidavit under Rule 41 of the Federal Rules of Criminal Procedure.  I am a public servant of the kind specified in Section 690.05, Subdivision 1 of the Criminal Procedure Law, my title being that of Investigator with the Colonie Police

Department. I am currently assigned to the Computer Crimes Unit and have been an investigator since 2009. In my capacity as an Investigator I have been involved in the investigation of offenses relating to computers and the Internet since 2012 and sexually based offenses since 2009. I have received training on the subject of online criminal investigations with instruction from the Internet Crimes Against Children Task Force for child pornography investigations. I have received training in computer evidence handling/forensics and sexually based offenses. During my employment, I have attended training from the National White Collar Crimes Center (NW3C) in basic Internet investigative techniques as they apply to child pornography investigations as it applies to computer crimes and computer forensics. I have attended the New York State Police Child Abuse/Sexual Abuse seminar, Guidance ENCASE computer forensic training as well as certification in online "traveler" cases and ARES, GNUTELLA and BITTORRENT peer to peer child pornography investigations with the Federal Bureau of Investigations. I have received training and certification in undercover online Backpage and Craigslist investigations with the New York State Police Internet Crimes Against Children task force. I currently participate in the Child Exploitation Task Force in conjunction with the Federal Bureau of Investigations as well as the Internet Crimes Against Children Task Force with the New York State Police and Homeland Security Investigations. I have been involved with dozens of sexual assault investigations, online enticement "traveler" investigations and online peer to peer child pornography investigations.

      4.      I make this affidavit from personal knowledge based on my participation in this investigation, including witness interviews and review of reports by myself and/or other law enforcement agents, communication with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.

This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.     For the reasons set forth below, I submit that there is probable cause to believe that Albert Reardon has used facilities of interstate commerce to attempt to persuade, induce, entice, and coerce an individual who has not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, and has used such facilities to receive and possess child pornography, in violation of Title 18 United States Code, Sections 2422(b) and 2252A, and that evidence, fruits, and instrumentalities of those offenses will be found in the information set forth in Attachment B if it can be extracted from the devices described in Attachment A.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

6.     The property to be searched, hereinafter referred to as the Devices, includes:

a.  an HP Pavilion dv7 laptop bearing serial number CND93757WX;

b.  an Acer Aspire laptop computer bearing serial number LXPXE021660401BE592000.

7.     The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

**PROBABLE CAUSE**

8.      On October 6, 2015, I observed a Craigslist posting titled "Looking to suck off young boy and a friend – M4M (Pittsfield/Williamstown)" (the "Craigslist Ad").  The body of the Craigslist Ad read as follows (Misspellings and abbreviations are as in original text):

> "Looking to find a horny teen and give him a great blo job, if he has a friend, I'll do him also, looking for young, very clean discreet, in my car or if he can host, older cocksucker here to pleasure them from Pittsfield north to Williamstown area. Reply with stats, and town."

9.      Based on my training and experience, Craigslist is a national internet based business providing online forums on which users may post advertisements for, among other things, items and services for sale.  The Craigslist Ad was posted to a forum called "Casual Encounters" that is dedicated to personal advertisements.

10.      I responded to this add in an undercover capacity on October 6, 2015.  The reply was via email, using an undercover persona of a fourteen year old male, and read as follows:

> Hey say ur ad… still lookin??? Im in alb and lookin outside here to keep it safe. Can u travel at all??? Wanna keep it real only 14 if that's not cool I get it

11.      On October 8, 2015, the writer of the Craigslist Ad replied as follows:

> Would I be sucking you alone, or you have qnother kid to make the trip worth while…..do you know a place o play……..what day and time iss good for you…..from north adams…..willing to drive…..can u get another kid or two….??

12.      In an undercover capacity, I continued this dialogue with the writer of the Craigslist Ad over the course of the following 10 days.  Communications were exchanged almost

every day.   Records of these communications reflect that the writer of the Craigslist Ad expressed his desire to engage in sexual encounters with multiple underage boys.   In these communications, the writer of the Craigslist Ad also discussed plans and intentions to meet my undercover persona "Kyle" and Kyle's eleven year old brother, "Cam", at a mutually convenient date and time.

      13.   The following is a sample of the communications sent by the writer of the Craigslist Ad to my undercover persona:

**craigslist 5254761421** Oct 6

to 39f9a0231f403f.

ok, I won't call until u say it's safe................you can bring your bro if he's into doing sex things. only you will know that, like does he jerk off, or jerk you off.....if u brought him along would he like me to just lick his cock and balls, or does he get hard enough fo me to actually suck his cock...what do u think......is tomorrow ok............?  I'm not familiar with Albany, so is this park easy for me to find..is it near a highway..........??   what time were you thinking of during the day........don't you have school.or we could meet up after school  what would you like me to do to you when we get together, aything you want is ok with me, just what..?  YOU GUYS DON'T HAVE TO DO ANYTHING TO ME, MAYBE JUST FEEL UP MY COCK AND BALLS, OR MAYBE SUCK ON MY HARD NIPPLES........I LIKE TO KISS ALSO, AS WELL AS CARESS BOTH YOUR ASSES, UNLESS YOU WANT ME TO LICK YOUR CRACK, OR BOTH OF YOU MIGHT WANT THAT.?..........I HOPE YOU BOTH WOULD LIKE TO PLAY WITH ME ANOTHER TIME AS WELL,AFTER YOU EXPERIENCE THIS VISIT, SEE HOW GOOD THE SEX IS......WOULD U LIKE TO CUM IN MY MOUTH AS I SUCK YOU OFF............?IF YOU DON'T BRING YOUR BRO,MAYBE YOU COULD FIND ANOTHER KID WHO WOULD ENJOY THE PLAYING.....AL  LET ME KMOW WHEN IT IS SAFE TO CALL YOU........GETTING A HARD ON JUST THIN KING OF PLEASING YOU

**craigslist 5254761421** Oct 6

to 39f9a0231f403f.

OK WITH BRINGING YOUR BROTHER, I WANTED TO MAKE SURE YOU APPROVED IT .AS LONG AS YOU FEEL HE'LL ENJOY SOME SEX..........WHAT IS HIS COCK aBOUT 3" HaRd, OR MAYBE 2.5".....YOU GUYS CUT OR UnCUT COCKS....??  I can only be available during the daytime hours........so after supper would be hard to meet..can we meet after school, but before you go home.........tell your parents you're going over  a friend's house right after school.......??  do u have any sort of picture of you guys to send.me...............

5

**craigslist 5254761421** Oct 7

to 39f9a0231f403f.

You are cute, can't wait to suck you off, and you bro...........I want to hear you moan and groan as u enjoy the pleasure of your cock in my mouth.....do u know somewhere we could meet after school, like an easy to find big store, like a cvs or rite aid or something, could meet in the parking lot, then you direct me to where we coud park and play.........I could also meet you somewhere near the school, what street is your school on......?? are u anywhere near a highway.or a maIN STREeT, I'm NOT FAMILIAR WITH ALBaNY, BUT DO HAVE A STREET MAP.........DON'T WORRY ABOUT THE pIC, I DON'T KNOW HOW TO SEND IT TO ANYONE ANYWAYS, COMPUTERS ARE NOT MY THING.......I.....besides, I want to keep you for myself..........
yes, three would be a good time..............I have to go away tomorrow, won't  e back till Saturday.can meet u any weekday though.........just we'll have to have patience........

**craigslist 5254761421** Oct 7

to 39f9a0231f403f.

having some hair is kinda cool, but the less hair the better,,,,,,it's just that I like to lick and kiss a smooth body all over, it is quite a sensation for the receiver, and of coarse I get my pleasure from doing it..... I like to hear a person moan and groan as I pleasure them.....knowing that they enjoy my actions...have you thought up what you would like to experience with me when we meet up....I'm an easy going person, no rush, respectful, no attitudes, not even any road rage....my van has dark windows in it, and a big back seat area, cause I took out the middle seats, both you and your brother can sit side by side in the back seat while I pleasure you both......do u ever see any porn pictures, do u have an idea what man 2 man sex involves.......at you age, don't consider yourself gay because u like to play around cocks..a large portion of kids your age do this, and end up married, with children......girls go thru it also, many just experiement as you are doing..so don't fret about liking or wanting your did sucked. every boy in America does....I think you have a good-sized dick for your age.... most your age are around 4.5-5".can't wit to play with it ...what else would you like me to do to you....what do u think your brother would like??...'ll let you be the boss on that.....do you ever have dreqms, or daydream about sex............like what.....also what hobbies do u have......?  and what is your name....mine is  AL......

14.     During the course of these communications, the writer of the Craigslist Ad urged my undercover persona to access a website called Nifty.org to read erotic stories involving young people having sexual experiences.

6

15.   On Wednesday, October 14, 2015, a state search warrant was executed on Craigslist.   Returns indicated that the writer of the Craigslist Ad used the email address feevalue@aol.com and accessed craigslist.org using the IP addresses 74.67.0.142 and 72.228.15.125.  Both IP addresses are controlled and assigned by internet service provider Time Warner Cable.  I issued a federal administrative subpoena on October 14, 2015.  On October 15, 2015, Time Warner Cable provided subpoena returns for both IP addresses used by the writer of the Craigslist Ad.  The results indicated that the at the time of the craigslist.org access events, the IP addresses referred to above had been assigned to the following customer account:

Al Reardon

26 Gallup St. Apt. 2

North Adams, MA 01247-3536

401-569-6922

GALLUP@ROARDUNNER.COM

16.   Search warrant returns from Craiglist indicated that the email address feevalua@aol.com was associated with over 606 posts dating as far back as October 11, 2014, many of which were of the same tone and nature as the Craigslist Ad that is the subject of this investigation. A representative sample of these posts includes the following:

A.  On September 7, 2015, feevalue@aol.com posted an ad titled "Looking to suck off 3-4 young guys-M4MM", the text of which reads: "old fantasy of minr.looking to have "circle suck" of 'icking/sucking cock and balls of group of young guys, 18-22, maybe drinking buddies before you go out for beers, small birthday party, card game …. Any small group getting together …. Must be very clean, no std's you host Pitsfield tyo North Adams…."

7

B.  On September 7, 2015, feevalue@aol.com posted an ad titled "LOOKING TO GIVE BJ TO YOUNG BOY – M4M", the text of which reads: "looking for a YOUNG BOY WHO WOULD LIKE A NO RECIP NEEDED, BLO JOB …….. MAYBE RIM YOUR ASS IF VERY CLEAN.PREFER WHITE, CUT, ..NO PRESSURE, EASY GOING MATURE COCKSUCKER TO PLEASURE YOU…..VERY CLEAN/DF, CLEAN CUT, I HOST IN MIN VAN, MAYBE PICK U UP………??, STATS, AND PIC IN REPLY……."

C.  On September 9, 2015, feevalue@aol.com posted an ad titled "Looking to lick young pee-pee, and more – m4m", the text of which reads "Looking to lick a young pee-pee, and lick a no-hair cunyy….maybe flit your clit,..no penetration, use only hands, tongue and lips……nibble on those growing nipples….escstatic pleasure for you………….older lover, never tells…..be our secret…..use hotel room….I'm easy-going, very clean, respectful, clean cut, no facial hair…..single….."

17.     During the correspondence, the writer of the Craigslist Ad made several attempts to schedule a meeting at a mutually convenient time and discreet location.  On October 15, 2015, he planned to meet on Sunday, October 18, 2015 at 1:00 p.m. in the shopping plaza located at 952 Troy Schenectady Road, Latham, New York.  In email correspondence, the writer of the Craigslist Ad told my undercover persona that he would arrive in a maroon Dodge Caravan with Rhode Island license plates.  He also said he would be wearing a baseball cap and glasses.

18.     On or about October 15, 2015, Detective Bailey of the North Adams Police Department went to 26 Gallup Street, North Adams, Massachusetts, and observed a maroon Dodge Caravan bearing Rhode Island license plates parked in the driveway.

8

19.     On Sunday, October 18, 2015, at approximately 1:00 p.m., ALBERT F. REARDON arrived at the designated location at 952 Troy Schenectady Road, Latham, New York, driving a maroon Dodge Caravan bearing Rhode Island license plates.  He exited the vehicle wearing a Patriots baseball cap and glasses, and approached the prearranged meeting location of Mercato's restaurant.  I and other law enforcement officers approached him, and he identified himself as Al Reardon, whereupon he was placed into custody and transported to the Colonie Police Department.

20.     Following his arrest, ALBERT F. REARDON was read his Miranda rights and waived counsel, and provided an oral statement indicating that he had created the Craigslist Ad, that he had corresponded with the person he believed to be a fourteen year old male, and that he travelled to the Latham area to meet with that male.  He also stated that he was aware of the age of the male, and that he likes young males without hair.  He subsequently invoked his right to counsel and provided no further information.

21.     Also on October 18, 2016, Massachusetts law enforcement officers obtained and executed a Massachusetts search warrant at Reardon's residence at 26 Gallup Street, North Adams, Massachusetts, which search warrant provided authority to search for any and all computers, and search such computers for files containing sexually explicit images or videos depicting minors.  The Devices were recovered from Reardon's residence pursuant to execution of that search warrant.  An initial forensic exam of the Devices completed by Massachusetts law enforcement officers revealed that at least one file of interest exists on the Acer Aspire 7551 with the title pthcpedonewchildpornprivate.jpg.     Based on my training and experience, this title incorporates the known child-pornography related terms "pthc", a well-known reference to child

9

pornography images or videos; "pedo", a reference to pedophilia; and "newchildpornprivate", an indication that this file is part of a new collection of child pornography that the owner believes to be private.

22.     However, due to the limited and preliminary nature of the forensic exam completed to date, law enforcement has yet to learn additional information about the contents of that file, and the presence of any other possible contraband files that require more sophisticated analyses to uncover. In particular, Massachusetts law enforcement conducted an analysis using a program called "OS Triage", which was set to recognize certain key words and phrases in files saved on the computer. This application seeks authority to use analytic tools that can search deleted files and meta-data, among other things. This will provide a much fuller picture of a user's activity, including for example data stored on the computer, data that was previously stored on the computer and deleted, when such data was obtained, saved, and deleted, and what other activities were ongoing at the time. Such an in-depth analysis can also reveal information about who was using a computer, based on user profiles and password information.

23.     In addition, on October 18, 2016, New York State law enforcement agents obtained a search warrant to seize and search an HP laptop computer bearing serial number 5CD53903RN. This computer was located within the maroon Dodge Caravan bearing Rhode Island license plates that Reardon was driving just prior to his arrest, as described above. A forensic analysis of that computer revealed approximately 10 image files containing suspected child pornography. The suspected child pornography involved images of young male individuals who appear to be between the ages of 11 and 18 engaged in sexually explicit conduct. Forensic analysis of this HP laptop also revealed that its BIOS, the basic software used to initialize the

10

computer, has a "Born On" date of October 11, 2015, indicating when that software was written. Although it is possible that Reardon updated the BIOS software on October 11, 2015, and possessed the computer prior to that date, it a highly complex process that most end-users are not capable of completing.  BIOS software is typically written by the manufacturer prior to sale. Law enforcement also observed that this computer still had manufacturer's stickers on it and appeared very new.  Based on all of this, I believe that Reardon did not possess this HP prior to October 11, 2015.  The communications between Reardon and my undercover profile began on October 6, 2015.  Thus, there is reason to believe that the Devices recovered from Reardon's residence—the same location which investigation revealed was used to post the suspect Craigslist ads—were used by him in the period before October 11, 2015 to post ads to Craigslist, communicate with the undercover in this investigation, and possibly communicate with minors in an attempt to engage in sexual conduct with them.

24.     The above acts REARDON described that he intended to engage in with "Kyle" and "Cam" whom he believed to be a fourteen-year old boy and an eleven year old boy, respectively, would constitute, among others, the following crimes under New York State Penal Law:

A.     As to the eleven year old: § 130.60 Attempted sexual abuse in the second degree: A person is guilty of sexual abuse in the second degree when he or she subjects

another person to sexual contact[1] and when such other person is: ... 2. Less than fourteen years old.

B.      As to the fourteen year old: § 130.55 Sexual abuse in the third degree: A person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact without the latter's consent[2]; except that in any prosecution under this section, it is an affirmative defense that (a) such other person's lack of consent was due solely to incapacity to consent by reason of being less than seventeen years old, and (b) such other person was more than fourteen years old, and (c) the defendant was less than five years older than such other person.

C.      As to both the fourteen year old and the eleven year old: § 235.22 Disseminating indecent material to minors in the first degree:  A person is guilty of disseminating indecent material to minors in the first degree when: (1) knowing the character and content of the communication which, in whole or in part, depicts or describes, either in words or images actual or simulated nudity, sexual conduct or sado-masochistic abuse, and which is harmful to minors, he intentionally uses any computer communication system allowing the input, output, examination or transfer, of computer

---

[1] § New York Penal Law § 130.00 defines sexual contact as follows: any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing, as well as the emission of ejaculate by the actor upon any part of the victim, clothed or unclothed.

[2] New York State Penal Law § 130.05, Sex offenses; lack of consent, provides that: 1. Whether or not specifically stated, it is an element of every offense defined in this article that the sexual act was committed without consent of the victim... 3. A person is deemed incapable of consent when he or she is: (a) less than seventeen years old

12

data or computer programs from one computer to another, to initiate or engage in such communication with a person who is a minor; and (2) by means of such communication he importunes, invites or induces a minor to engage in sexual intercourse, oral sexual conduct or anal sexual conduct, or sexual contact with him, or to engage in a sexual performance, obscene sexual performance, or sexual conduct for his benefit.

25.     Following his arrest, Reardon was charged by complaint filed on October 21, 2015, and later charged by indictment filed on December 9, 2015, with 1 count of attempted coercion and enticement in violation of 18 U.S.C. § 2422(b).

26.     The Devices are currently in the lawful possession of the evidence custodian at the Colonie Police Station.  On October 18, 2015, the Devices were seized by the Massachusetts State Police pursuant to the execution of a Massachusetts search warrant.  On June 7, 2016, Massachusetts State Trooper Tom Forrest removed the Devices from evidence with the Massachusetts State Police, and gave them to me, and I transferred them to the Colonie Police Station.  While the FBI might already have all necessary authority to examine the Devices, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Devices will comply with the Fourth Amendment and other applicable laws.

27.     The Devices are currently in storage at the Colonie Police Department, 312 Old Wolf Rd. Latham, NY 12110.  In my training and experience, I know that the Devices have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of the Massachusetts State Police.

## TECHNICAL TERMS

28.     Based on my training and experience, I use the following technical terms to convey the following meanings:

      a.  IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

      b.  Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

29.     Based on my training, experience, and research, I know that the Devices have capabilities that allow them to serve as data storage devices that can store images and text demonstrating Reardon's interest in, and pursuit of, sexual contact with minors. Reardon's communications with my undercover profile were conducted via a device connected to the

14

internet, specifically Craigslist.org, and there is reason to believe that those communications can
be recovered from the Devices using advanced forensic analytic tools.  For the reasons described
above, there is also reason to believe that images demonstrating a sexual interest in minor males
may be recovered from the Devices.

30.     In my training and experience, examining data stored on devices of this type can
uncover, among other things, evidence that reveals or suggests who possessed or used the device.
Based on the foregoing, there is probable cause to believe that the information described in
Attachment B is located in the Devices, as described in Attachment A, and that such information
will be relevant to establishing the identity and method of Reardon in the commission of the
crimes charged.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

31.     Based on my knowledge, training, and experience, I know that electronic devices
can store information for long periods of time.  Similarly, things that have been viewed via the
Internet are typically stored for some period of time on the device.  This information can
sometimes be recovered with forensics tools.

32.     There is probable cause to believe that things that were once stored on the
Devices may still be stored there, for at least the following reasons:

  c.  Based on my knowledge, training, and experience, I know that computer files or
      remnants of such files can be recovered months or even years after they have been
      downloaded onto a storage medium, deleted, or viewed via the Internet.
      Electronic files downloaded to a storage medium can be stored for years at little

or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

d.   Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

e.   Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

f.   Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

16

33.    *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of its use, who used it, and when.  There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

g.   Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active.  Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.  Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

h.   Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

i.   A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw

17

conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

j.  The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

k.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

l.   I know that when an individual uses an electronic device to attempt to persuade or entice a minor to engage in unlawful sexual conduct, the individual's electronic device will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain: data that is evidence of

18

how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

34.     *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Devices consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Devices to human inspection in order to determine whether it is evidence described by the warrant.

35.     *Manner of execution.*  Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## **CONCLUSION**

36.     I submit that this affidavit supports probable cause for a search warrant

authorizing the examination of the Devices described in Attachment A to seek the items

described in Attachment B.

Respectfully submitted,

Christopher R. Smith
Task Force Officer
Federal Bureau of Investigations

Subscribed and sworn to before me
on September 26, 2016:

UNITED STATES MAGISTRATE JUDGE

20

## ATTACHMENT A

37.     The property to be searched, hereinafter referred to as the Devices, includes:

a.  an HP Pavilion dv7 laptop bearing serial number CND93757WX;

b.  an Acer Aspire laptop computer bearing serial number
    LXPXE021660401BE592000.

The Devices are currently located at the Colonie Police Department, 312 Old Wolf Rd. Latham, NY 12110.  This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.      All records on the Devices described in Attachment A that relate to violations of

18 U.S.C. §§ 2252A and 2422(b) and involve Albert Reardon since October 18, 2014, including:

    a.  Records of advertisements posted to Craigslist.org;

    b.  Records of all communications involving Albert Reardon and relating to

        Craigslist.org;

    c.   Images of minors engaged in sexually explicit conduct;

    d.  Records of internet-based activity including access to websites, including

        Nifty.org, depicting or describing minors involved in sexually explicit conduct;

    e.  Records of communications with other minors involving sexual liaisons, or

        discussions, depictions or descriptions of minors involved in sexually explicit

        conduct.

2.      Evidence of user attribution showing who used or owned the Devices at the time

that Albert Reardon used facilities of interstate commerce to attempt to persuade, induce, entice,

and coerce an individual who has not attained the age of 18 years, to engage in sexual activity for

which any person can be charged with a criminal offense, and used such facilities to receive and

possess child pornography, such as logs, phonebooks, saved usernames and passwords,

documents, and browsing history;

3.      Evidence of how any child pornography was downloaded or otherwise received

and stored on the Devices, such as communications containing child pornography, internet

browsing history, and internet download history;

4.      Records evidencing the use of the IP addresses 74.67.0.142 and 72.228.15.125 to communicate with Craigslist servers, including:

    a.   records of Internet Protocol addresses used;

    b.   records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

2